MATTER OF JAMES

In Visa Petition Proceedings

A-17532053

*Decided by Board September 23, 1970*

A Deed Poll executed by the natural mother of the beneficiary, who was born in Guyana, declaring that beneficiary was to assume henceforth the U.S. citizen petitioner's maiden name, does not constitute a valid adoption since under the law of Guyana an adoption can be accomplished only in compliance with the Adoption of Children Ordinance (through a specially constituted authority, the Adoption Board), and by court order.

ON BEHALF OF PETITIONER:                    ON BEHALF OF SERVICE:
Pro se                                                        Irving A. Appleman
                                                                Appellate Trial Attorney

The petitioner appeals a decision of the District Director denying this petition filed to accord the beneficiary status as an adopted child. The District Director concluded that the record failed to disclose a valid adoption of the beneficiary prior to her fourteenth birthday. We affirm that decision.

The petitioner is a married female, a native of Guyana and naturalized citizen of the United States. The beneficiary was born June 29, 1952 in Guyana, the natural child of one Vivian Douglas. The beneficiary's birth certificate is of record. The petitioner claims that the beneficiary was given to her in adoption by the natural mother on January 20, 1959. In support of her assertion, the petitioner has presented a Deed Poll executed by the beneficiary's mother before a Notary Public in the County of Demerara, Guyana. The beneficiary's mother stated therein that her child was to assume henceforth the petitioner's maiden name; and that in all records, documents, as well as in all actions or proceedings her daughter would be known as Lynette Celestina James. No mention is made of whether the petitioner was to assume care and custody of the beneficiary; in fact no where in that document does the petitioner's name appear as adopter or guardian.

The petitioner argues that the Deed Poll is evidence of a for-

616

mal adoption. Our study of the adoption laws of Guyana persuades us that her contention is without merit. Under the Adoption of Children Ordinance, an adopter is defined as a person who has adopted a child pursuant to an adoption order.[1] The procedure is clearly detailed. Under the adoption ordinance, only a specially constituted authority, the Adoption Board,[2] has the authority to make arrangements for the adoption of a child.[3] It is the duty of the Board to receive applications from parents, guardians and adopters in respect of the adoption of children; to make investigations concerning the adoption of children; and act as guardian ad litem.[4] Penalty provisions are provided where persons other than the Board make arrangements for the adoption of a child.[5]

An adoption order is issued, upon application, by the Supreme Court or any court of summary jurisdiction.[6] These orders are thereafter entered in the Adopted Children Register.[7] The ordinance further provides[8]:

A certified copy of any entry in the Adopted Children Register, if purporting to be signed by the Registrar General shall, without any further or other proof of entry, be received as evidence of the adoption to which it relates and, where the entry contains a record of the date or the country of birth of the adopted person, shall also be received as aforesaid as evidence of that date or country in all respects as if the copy were a certified entry in the Register of births.

From the foregoing we conclude that the Deed Poll is not an adoption order but the natural mother's declaration that her child's name was to be changed to that of the petitioner. We cannot accept that document as evidence that all requirements of the above adoption ordinance have been met. Accordingly we conclude that the petitioner has not established a valid adoption.

ORDER: The appeal is dismissed.

---

[1] Ordinance No. 12 of 1955, Adoption of Children Ordinance [1955] Section 2.
[2] Id. Section 3.
[3] Id. Section 4(1).
[4] Id. Section 5.
[5] Id. Section 4(2).
[6] Id. Section 16(1).
[7] Id. Section 23(1).
[8] Id. Section 23(2).